72 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pablo Emilio AGUIRRE-CASTILLO; Nora Isabel Aguirre; Pablo
Emilio Aguirre; Yaveska Del Soccoro Aguirre;
Nora Isabel Aguirre-Morales, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70503.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1995.*
Decided Dec. 13, 1995.
 
 Before: PREGERSON, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pablo Emilio Aguirre-Castillo, along with his wife and three children (individually and jointly "Aguirre"), natives and citizens of Nicaragua, petition for review of the decision of the Board of Immigration ("BIA") denying their applications for asylum and withholding of deportation under 8 U.S.C. Secs. 1158 and 1253 (sections 208(a) and 243(h) of the Immigration and Nationality Act). We have jurisdiction under 8 U.S.C. Sec. 1105(a), and we deny the petition.
 
 
 3
 * The BIA did not abuse its discretion in finding Aguirre had not suffered the substantial economic disadvantage which can constitute persecution.[1] Aguirre acknowledges that he was not fired from his job at the coffee factory, but that he resigned. The denial "of such perquisites as discounts on food and a special work permit" does not establish persecution for purposes of asylum. Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1984) (citing Raass v. INS, 692 F.2d 596, 596 (9th Cir.1982), for the proposition that asylum relief depends on something more than generalized economic disadvantage at the destination).
 
 
 4
 Aguirre's claims regarding graffiti-vandalism do not raise his claims to the level necessary to warrant relief on the basis of past persecution alone. See Kazlauskas v. INS, 46 F.3d 902, 906-07 (9th Cir.1995) (holding that BIA did not abuse its discretion in concluding harassment does not warrant discretionary grant of asylum).
 
 
 5
 Moreover, Aguirre establishes no objective basis for his claim that he was singled out for his political or religious beliefs. Apart from his claim that he quit his job rather than endure Sandanista indoctrination, Aguirre focuses on his claim that the government threatened to arrest him. He alleges that the threatened arrest was based on his party affiliation and his relationship with his politically active uncle. Even if this unsubstantiated allegation were accepted as true, it is undisputed that he evaded arrest, was granted amnesty, and had no further problems with state security. Substantial evidence supports the BIA's conclusion that Aguirre failed to produce evidence of past persecution.
 
 II
 
 6
 Aguirre argues that the BIA's administrative notice of Violeta Chamorro's election violated his due process rights because the election was "outside the scope of [his] deportation hearing." We disagree. We have held that "[t]he BIA, in its discretion, may: (1) warn of its intention to take administrative notice, (2) take administrative notice, and (3) allow rebuttal evidence against the proposition of which notice is taken." Acewicz v. INS, 984 F.2d 1056, 1060 (9th Cir.1993) (citing Castillo-Villagra v. INS, 972 F.2d 1017, 1028 (9th Cir.1992)).
 
 
 7
 While the BIA need not advise petitioners of its intent to take notice of events occurring prior to the deportation hearing, and argued before the Immigration Judge ("IJ"), it must "at least warn the asylum applicant before taking notice of significant events that occurred after the deportation hearing." Getachew v. INS, 25 F.3d 841, 845-46 (9th Cir.1994) (holding petitioner was not adequately notified where government changed after deportation hearing and sole "notification" was reference to the change in the INS' brief to the BIA).
 
 
 8
 Chamorro was elected prior to Aguirre's deportation hearing. While the effect of the election on Aguirre's claims was not specifically argued before the IJ, Aguirre indicated in response to opposing counsel's question that he was aware of the change in government and that his uncle was part of the new coalition government. The IJ noted this in his oral decision denying Aguirre's petition. Aguirre argued the matter in his brief to the BIA, observing that the Sandinistas still wield power and that the region is unstable. Aguirre cannot therefore plausibly claim to have been without notice of the Board's intention to take notice of the election, or to have lacked an opportunity to address the change in government.
 
 
 9
 Aguirre next argues that in spite of the change in government in Nicaragua, he continues to have reason to fear the Sandinistas. However, he offers no specific objective reasons to substantiate his fears. He fails to show that any harm has befallen his "similarly situated" uncle, whom he testified is now a member of the coalition government. Generalized evidence of instability does not establish fear of persecution. See, e.g., Mendez-Efrain v. INS, 813 F.2d 279, 282 (9th Cir.1987). Aguirre's counsel's suggestion that subjective reasons alone should suffice to establish well-founded fear is contrary to the case law of the Supreme Court and of this circuit.[2]
 
 
 10
 Because Aguirre has failed to establish well-founded fear of persecution or sufficient past persecution to merit a grant of asylum on that basis alone, we affirm the BIA's decision. Finally, as the standard for withholding of deportation is higher than the standard for grant of asylum, and as Aguirre failed to meet the standard for asylum, we hold the BIA did not abuse its discretion in denying the applications for withholding of deportation. Acewicz, 984 F.2d at 1062.
 
 
 11
 We also affirm the BIA's grant of voluntary departure.
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 While in his written petition to the Immigration Judge, Aguirre based his persecution claim in part upon his being forced to join the Sandinista army, he does not make that claim on appeal, and we therefore deem the argument abandoned. Officers for Justice v. Civil Serv. Comm'n of the City of San Francisco, 979 F.2d 721, 726 (9th Cir.1992), cert. denied, 113 S.Ct. 1645 (1993). In any case, being drafted to serve in the military does not constitute persecution. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992)
 
 
 [2]
 Aguirre makes a final argument that the BIA abused its discretion in failing to consider the equities of his situation. Counsel apparently has in mind the balancing of equities requirement pertaining to immigration cases dealing with waiver of excludability under 8 U.S.C. Sec. 1182(c). No such requirement applies here